19 F.3d 1430
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ikechukwu Gandi Ekwegh, a/k/a Gandi Bellos, Defendant-Appellant.
 No. 93-6692.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 8, 1994.
Decided March 21, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., Chief District Judge. (CR-91-36-D)
 Ikechukwu Gandi Ekwegh, appellant pro se.
 David Bernard Smith, Asst. U.S. Atty., Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED IN PART AND VACATED IN PART AND REMANDED.
 Before HALL, PHILLIPS, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ikechukwu G. Ekwegh appeals the district court's order (1) denying Ekwegh's motion for reconsideration of an order denying Ekwegh's motion for further reduction of sentence and (2) denying Ekwegh's motion for return of seized property. We affirm in part and vacate and remand in part.
 
 
 2
 The district court granted the Government's Fed.R.Crim.P. 35(b) motion for reduction of Ekwegh's 120-month sentence. The sentence was reduced to seventy-five months. Asserting that the reduction should have been greater, Ekwegh filed a pro se Rule 35(b) motion. The district court denied the motion initially and on reconsideration. The Rules of Criminal Procedure provide that only the Government may file a Rule 35(b) motion for reduction of sentence. Moreover, Ekwegh's pro se motion was filed beyond the one-year time limit set forth in the Rule. Further, even if the motion was proper, it wholly lacked merit. Accordingly, we affirm the district court's denial of the motion for reconsideration of the denial of Ekwegh's pro se motion.
 
 
 3
 Ekwegh also moved for the return of certain seized property, namely a briefcase, two address books, and a Nigerian passport. See Fed.R.Crim.P. 41(b). Apparently because the motion was not signed, the district court denied the motion. We note, however, that the certificate of service accompanying the motion was signed. Given Ekwegh's pro se status, the fact that the certificate was signed, and the technical nature of the defect, we conclude that the district court should have considered the motion on its merits. Accordingly, we vacate that portion of the district court's order denying the Rule 41(b) motion and remand for further proceedings.
 
 
 4
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The motion that this opinion not be published is granted.